-FILED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND 2b A 10· 5b

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| **FRANCISCO JARAMILLO** | ) | |
| | ) | |
| *Plaintiff,* | ) | C.A. NO. |
| | ) | |
| *vs.* | ) | |
| | ) | **CA 12- 858M** |
| **MORTGAGE ELECTRONIC** | ) | |
| **REGISTRATION SYSYEMS INC.,** | ) | **CIVIL ACTION COMPLAINT** |
| *also known as* **MERS,** | ) | |
| **AMERICAN BROKERS CONDUIT,** | ) | |
| **and WELLS FARGO BANK, N.A** | ) | |
| | ) | |
| | ) | |
| *Defendants.* | | |

## INTRODUCTION

1.      This complaint seeks a declaratory judgment that an alleged "Assignment of Mortgage" of the Plaintiff's mortgage loan from Defendant, Mortgage Electronic Registration Systems ("MERS") to Defendant Wells Fargo Bank, N.A. ("Wells Fargo") is invalid and that, as a result, Wells Fargo was not the valid mortgagee at all times relevant to an attempted foreclosure sale on Plaintiff's property.  As grounds set forth the Plaintiff avers that the Mortgage to the Defendant, Mortgage Electronic Registration Systems ("MERS"), was not validly acknowledged in accordance with Rhode Island Law and that the "Assignment of Mortgage" failed to assign the Mortgage and Note in accordance with Rhode Island Law.

2.      Plaintiff further contends that the Note he gave in return for being granted said mortgage loan was not in default at the time foreclosure action was commenced. Moreover, Defendant,

1

Wells Fargo bank, N.A. knew of that the Note given by Plaintiff was not in default, yet proceeded to foreclosure anyway.

3.     The Plaintiff prays that this Honorable Court declare the foreclosure sale invalid, enjoin the Defendants from proceeding with any eviction action against Plaintiff pending a determination by this Court verifying the validity of the underlining sale, and quiet the title of said property by declaring Plaintiff the owner of said property.

## JURISDICTION AND VENUE

4.     This Honorable Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) and the matter in controversy exceeds $75,000.00 exclusive of interest and costs, and because the Defendant is a foreign corporation based outside of the State of Rhode Island.

5.     Venue is proper in the District pursuant to 28 U.S.C. § 1391 (b) (2) in that a substantial part of the events or omissions giving rise to this claim have occurred, and the real property that is the subject of the action is situated within the State of Rhode Island.

6.     Plaintiff further avers that the Court has redressible claims over the matters in this complaint pursuant to the following statutes:

    a.  Plaintiff, pursuant to 42 U.S.C. § 1983 claims loss of state property rights to redeem his mortgage from an unauthorized foreclosure advertiser without a judicial hearing.

b. Plaintiff claims ownership of the latter described premises and seeks to clear his title of all illegal encumbrances pursuant to the provisions of Rhode Island General Laws § 34-16-4.

c. Plaintiff claims ownership of the latter described premises and seeks to clear his title of all void conveyances pursuant to the provisions of Rhode Island General Laws § 34-16-4.

d. Plaintiff claims that only he has a marketable title to the premises pursuant to the provisions of R.I.G.L. § 34-13.1-5, to wit, forty (40) years of ownership of the fee interest.

e. Plaintiff, as a mortgagor, may seek to redeem, pursuant to R.I.G.L. § 34-26-1, his mortgage note and mortgage deed from the actual mortgagee, or lawful assignee of the mortgage deed and note.

f. Plaintiff claims a judicial determination pursuant to R.I.G.L. § 9-30-2 whether the deed to the premises is affected by any conveyance of another person in his chain of title.

**PARTIES**

7.     Plaintiff, Francisco Jaramillo, is a resident of, and the rightful owner of real property located at 109 Cobble Hill Road, Lincoln, RI 02865, in the County of Providence, State of Rhode Island ("the Property").

3

8.     Defendant Wells Fargo Bank, N.A. is a residential mortgage servicing and banking related services company. Upon information and belief Defendant Wells Fargo Bank, N.A. is located at 420 Montgomery Street, San Francisco, CA 94163.

9.     Defendant, American Brokers Conduit is a residential mortgage lender. Upon information and belief Defendant American Brokers Conduit is located at 538 Broadhollow Road, Melville, New York 11747.

10.     Defendant, Mortgage Electronic Registration Systems, ("MERS") is Delaware Corporation, not authorized to do business in the State of Rhode Island, that allegedly simplifies the way mortgage ownership and servicing rights are originated, sold and tracked.  It is not a lender or a servicer and is nothing more than a mortgage placeholder allowing promissory notes to be sold without complying with the Rhode Island General Laws.  MERS is identified as a Mortgagee of a mortgage executed by Plaintiff, to secure payment of an alleged Note to American Brokers Conduit in the amount of $279,256.00.

## FACTS

11.     On or about June 10, 2005, Plaintiff refinanced said property and a Mortgage in the amount of $279,256.00 was recorded in the Town of Lincoln, Clerks Office, Evidence of Land Records in Book 1255 Page 220.  The Mortgage identified Plaintiff as a "borrower" and American brokers Conduit as "Lender" on Page 2 Paragraph D ("Mortgage").  (Exhibit 1).

12.     The mortgagee named on the Mortgage at page 1 paragraph C is MERS.

4

13.     The only Lender named on the Mortgage and Note is Webster Bank, N.A.. MERS is not named or mentioned on the Note.

14.     MERS never held the Note nor did it hold any beneficial interest in the Mortgage.

15.     The Mortgage reads at page 3 as follows:"Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument".

16.     The Mortgage states at page 3 "MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including but not limited to, the right to foreclose and sell the property; and to take any action required of Lender".

17.     The Mortgage does not contain any language authorizing MERS to assign the mortgage.

18.     While MERS remained the "nominee mortgagee" of the Mortgage in the Town of Lincoln, Clerks Office, Evidence of Land Records, American Brokers Conduit utilized MERS to hide the transfer of the beneficial interest in the Plaintiff's Mortgage to an undisclosed number of undisclosed entities for an undisclosed amount of fees. This, in turn, facilitated the securitization process of Plaintiff's Mortgage into a securitized investment vehicle.

19.     American Brokers Conduit was not the actual "Lender" or source of the $279,256.00 given to Jaramillo as part of this loan. American Brokers Conduit acted as a "middle man" and transferred the Note off to another undisclosed entity after the closing while MERS hid this undisclosed transfer by remaining mortgagee in the Town of Lincoln, Clerks Office, Evidence of Land Records.

20.     The Notary Acknowledgement Clause on page 15 of the Mortgage fails to state how or if Plaintiff Jaramillo was identified to be the person signing the Mortgage.

21.     The Mortgage is not validly acknowledged.

22.     On November 3, 2011, an alleged "Assignment of Mortgage" was recorded in the Town of Lincoln, Clerks Office, Evidence of Land Records in Book 1730 Page 65, purporting to assign the Franco Mortgage from MERS to Wells Fargo Bank, N.A.. (Exhibit 2)

23.     The ""Assignment of Mortgage" of Mortgage" fails to state that the Note was assigned.

24.     The "Assignment of Mortgage" failed to transfer the obligation in which the mortgage secured (i.e. The Note).

25.     The "Assignment of Mortgage", in effect, disconnected the Mortgage security instrument from the Note and rendered the Mortgage unsecured.

26.     There is no valid "Assignment of Mortgage" of the Mortgage because the purported "Assignment of Mortgage" failed to assign the obligation the Mortgage secured (i.e. the Note).

27.     Wells Fargo Bank, N.A. was not a mortgagee or assignee of the mortgagee that could invoke the Statutory Power of Sale pursuant to Rhode Island Law

28.     The Mortgage at Page 13 Paragraph 22, contains language that provides for the Statutory Power of Sale in the event of a default on the note by Plaintiff Jaramillo.

29.     At page 13, paragraph 22 of the Mortgage, it clearly states that the *Lender (i.e. American Brokers Conduit)*, upon default by the borrower, may invoke the Statutory of Sale.

30.     At page 13, paragraph 22, it goes on to state that "If Lender invokes the statutory power of sale" Lender shall mail a copy of a notice of sale to Borrower.

31.     The Lender (i.e. American Brokers Conduit) never invoked the Statutory Power of Sale in this matter.

32.     At Page 13, Paragraph 22, it states that "Lender shall publish the notice of sale."

33.     The Lender (i.e. American Brokers Conduit) never published the notice of sale.

34.     The language on page 13, paragraph 22 is contradictory, inconsistent and ambiguous since the Lender is not the Mortgagee according to the purported terms of the Mortgage Contract and all such ambiguity and inconsistencies shall be construed against the drafter of the Mortgage and the parties attempting to enforce its contradictory and ambiguous terms (ie. the Defendants).

35.     Defendant, Wells Fargo Bank, N.A., wrongly and without contractual or statutory authority, attempted to invoke the Statutory Power of Sale and hold a foreclosure auction on November 26, 2012.

36.     Defendant, Wells Fargo Bank, N.A., which was not the Lender or the Lender's successor or assign, wrongly published the notice of sale without contractual or statutory authority.

37.     The actions taken by Defendant Wells Fargo Bank, N.A, are without any force or effect relative to the invocation of the Statutory Power of Sale or the actual sale of the property because

it is not now, nor has it ever been the Lender or a successor or assign of the Lender, as defined by both the Note and the Mortgage.

38.     The foreclosure has not been noticed or scheduled or advertised as required by the Note and Mortgage.

39.     On October 4, 2012, Harmon Law, P.C. sent Plaintiff a Harmon Law, P.C. sent Plaintiff a Notice of Foreclosure Sale, stating that a foreclosure auction regarding Plaintiff's property would be held on November 26, 2012, at 3:00 pm. (Exhibit 3)

## COUNT I
## INJUNCTIVE RELIEF AND DECLARATORY JUDGMENT

40.     The Plaintiff hereby reincorporates paragraphs 1 – 39 as if they were fully articulated herein.

41.     Defendants have no interest in the property, the mortgage or note and, thus, have no standing to foreclose upon the note and mortgage.

42.     The Assignments are not duly acknowledged or executed in accordance with R.I.G.L. 34-11-1 and are "void" according to the statute.

43.     Any purported Assignment from MERS to Wells Fargo Bank, N.A. is invalid.

44.     MERS, and Wells Fargo Bank, N.A. have abused the use of the foreclosure process knowing that it did not have a valid assignment of the note and mortgage, and as a result the Plaintiff, has suffered compensable damages.

45.   Plaintiff is being irreparably harmed by the actions of all of the Defendants.

46.   Plaintiff has no other remedy at law but to seek the relief requested herein.

47.   The Equities of the matter favor the Plaintiff.

48.   Public Policy matters favor the Plaintiff.

**WHEREFORE**, Plaintiff Francisco Jaramillo, prays for the following relief:

a.   Determine that the Mortgage is void in accordance with the requirements set forth in 34-11-1;

b.   Determine that there are no assignments of record with regard to the mortgage;

c.   Determine that the Foreclosure Deed is null and void;

d.   Order that MERS, and Wells Fargo Bank, N.A. have no interest in the subject property;

e.   Temporarily, preliminarily and permanently restrain MERS, and Wells Fargo Bank, N.A. from commencing and/or completing any further foreclosure actions or eviction actions against the Plaintiff or Plaintiff's tenants pending a trial on the merits of the Plaintiff's complaint;

f.   Award the Plaintiff compensatory damages against all of the Defendants for their wrongful slander of title and abuse of process in a sum to be determined by a trier of fact;

g.   Award legal fees and costs;

h.   Award punitive damages;

i.   Award such other relief as this Court deems just and proper.

## COUNT II
## QUIETING TITLE
## RHODE ISLAND GENERAL LAW §34-16-5

49.     The Plaintiff hereby realizes and reincorporates paragraphs 1 – 48 as if they were fully articulated herein.

50.     The real estate as issue is located at 109 Cobble Hill Road, Lincoln, RI 02865.

51.     Wells Fargo Bank, N.A. claims to have an interest in the property pursuant to an assignment.  The address of Wells Fargo Bank, N.A. is set forth hereinabove.

52.     Defendant Wells Fargo Bank, N.A. and Plaintiff Francisco Jaramillo, both make claim to the fee simple interest in the aforesaid property.

53.     Plaintiff Carlos Franco, claims title to the property pursuant to a Deed recorded on September 11, 2002 in the City of Pawtucket, Clerks Office, Evidence of Land Records in Book 1572 Page 113.

54.     Defendant Wells Fargo Bank, N.A. claims an interest adverse to Plaintiff, by way of an Assignment of Mortgage from MERS on November 3, 2011, recorded in the Town of Lincoln, Clerks Office, Evidence of Land Records in Book 1730 Page 65.   The Assignment of Mortgage is invalid.

**WHEREFORE**, Plaintiff Francisco Jaramillo, prays for the following relief:

     a.  That judgment enters for him on his complaint regarding title to and ownership of the subject property that is subject of this claim;

b. That the Court find as a matter of law that the owner of this property is Francisco Jaramillo;

c. That this Court enters an order quieting title to this property by entering an order that the fee related thereto belongs to Francisco Jaramillo;

d. That the court or other trier of fact, order the defendants to pay Francisco Jaramillo's damages which it deems appropriate; and

e. That the Court or other trier of fact award Francisco Jaramillo, his costs, including reasonable attorney's fees.

## COUNT III
## BREACH OF DUTY OF GOOD FAITH AND REASONABLE DILIGENCE

55. Plaintiff repeats and incorporates all paragraphs above as if fully articulated herein.

56. As the entity responsible for exercising the statutory power of sale, the Defendant, Wells Fargo Bank, N.A., owed the Plaintiff, Francisco Jaramillo, a duty of good faith and fair dealing in the conduct leading up to the foreclosure proceedings and sale.

57. By attempting to conduct a foreclosure sale without a valid assignment, the Defendant, Wells Fargo Bank, N.A., violated this duty.

58. By attempting to conduct a foreclosure sale when knowing the Note given by Plaintiff was not in default, the Defendant, Wells Fargo Bank, N.A., violated this duty.

59. The Plaintiff was damaged by these breaches of duty including without limitation, loss of equity, lost opportunities to work-out their mortgage delinquency, and by imposition of inappropriate foreclosure fees and costs on her account.

60.     Plaintiff suffered severe and extreme emotional and mental distress as the direct result of

Defendants MERS and Wells Fargo Bank, N.A.'s actions.

61.     The Plaintiff is entitled to a declaratory judgment determining that the attempted

foreclosure sale of his property is void.

62.     The Plaintiff is entitled to an injunction preventing the foreclosure sale of his property or

any eviction action taken by the Defendant until such time as proper notice is made pursuant to

statute.

63.     The Plaintiff is entitled to cancellation costs and fees assessed to him for wrongful

foreclosure, together with additional damages.

WHEREFORE, Plaintiff Francisco Jaramillo, respectfully requests that this Honorable Court

grant the following relief:

i.      Declare that the purported Assignment from MERS to Wells Fargo Bank, N.A. is
        invalid and failed to transfer title to said Mortgage and Note to either entity;

ii.     That any foreclosure sale conducted by the Defendant, Wells Fargo Bank, N.A.,
        or MERS, be declared void;

iii.    Injunctive relief staying Wells Fargo Bank, N.A., and MERS from proceeding
        with any foreclosure or eviction actions against the Plaintiff or his tenants;

iv.     Declare that the Plaintiff, Carlos M. Franco, is the owner of the Property;

v.      Award the Plaintiff money damages from Defendants for all damages including
        but not limited to attorneys' fees, actual costs and charges regarding foreclosure,
        emotional and mental distress, punitive damages, and such further relief as is just
        and equitable;

vi.     Injunctive relief staying any foreclosure sale and/or eviction action regarding the
        Property so that this case may adequately be heard prior to an unjust foreclosure
        and or eviction; and

vii.    Such other relief this Court deems fair and just.

November 26, 2012                         Plaintiff,
                                          Francisco Jaramillo,
                                          By his attorney,


                                          Todd S. Dion Esq. (6852)
                                          1319 Cranston Street
                                          Cranston, RI 02920
                                          401-942-9942 Phone
                                          401-942-9925 Fax
                                          toddsdion@msn.com

### CERTIFICATE OF SERVICE

I hereby certify that on November 26, 2012, a copy of the foregoing document, filed through the
CM/ECF System, will be sent electronically to the registered participants as identified on the
Notice of Electronic Filing (NEF) and paper copies shall be served by first class mail postage
prepaid on the parties listed on the NEF as not receiving electronic notice.


Todd S. Dion, Esq.